IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD K. ISENBERG, JR., | No. 4:24-CV-01662 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA BOARD OF PAROLE, *et al.*, | |
| Respondents. | |

MEMORANDUM OPINION

MAY 20, 2025

Petitioner Ronald K. Isenberg, Jr., initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his September 2024 denial of parole, claiming that the Pennsylvania Parole Board's decision violated his constitutional rights. For the following reasons, the Court will deny Isenberg's Section 2254 petition.

I.  BACKGROUND AND PROCEDURAL HISTORY

Isenberg is currently serving an 18- to 40-year sentence after pleading guilty to criminal homicide, which sentence was entered in March 2000 by the Court of Common Pleas of Blair County, Pennsylvania.[1] His controlling minimum and maximum incarceration dates are April 11, 2015, and April 11, 2037, respectively.[2]

---

[1] *See* Doc. 10-2 at 5-7; *Commonwealth v. Isenberg*, No. CP-07-CR-0000690-1997 (Pa. Ct. Com. Pl. Blair Cnty.).
[2] Doc. 10-2 at 6.

Isenberg was most recently denied parole on September 16, 2024, and this appears to be the parole decision he is collaterally attacking.[3]

In its September 2024 denial, the Parole Board provided the following reasons for its decision:

- [Isenberg's] failure to demonstrate motivation for success.
- [Isenberg's] minimization/denial of the nature and circumstances of the offense(s) committed.
- [Isenberg's] refusal to accept responsibility for the offense(s) committed.
- [Isenberg's] lack of remorse for the offense(s) committed.
- The negative recommendation made by the prosecuting attorney.
- The nature of [Isenberg's] crime.[4]

The Parole Board further noted that Isenberg would next be reviewed for parole "in or after" September 2029.[5]

Isenberg filed the instant Section 2254 petition almost immediately after receiving his parole denial.[6] Respondent was served with Isenberg's petition and timely filed a response after one extension request.[7] Isenberg did not file a traverse and the time in which to do so has passed. His Section 2254 petition is therefore ripe for disposition.

---

[3]   *See* Doc. 1-1.
[4]   *Id.* at 1.
[5]   *Id.*
[6]   *See generally* Doc. 1 (dated September 19, 2024).
[7]   *See* Doc. 10.

## II. DISCUSSION

Isenberg's form petition contends that the Parole Board's September 2024 parole denial violated his substantive due process rights under the Fourteenth Amendment.[8]  He appears to argue that the reasoning provided by the Parole Board is contradicted by his accomplishments toward rehabilitation during his incarceration, and therefore the Parole Board's denial was "arbitrary, egregious, or consci[ence-]shocking."[9]  The Court disagrees.[10]

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them."[11]  With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria."[12]  Specifically, the specter of a

---

[8] Doc. 1 at 1.
[9] *See id.*
[10] Respondent contends that Isenberg failed to exhaust administrative remedies, so his petition should be dismissed.  The Court, however, may forgo an exhaustion analysis and deny a habeas petition that fails on the merits.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
[11] *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).
[12] *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in

substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'"[13]  If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience-shocking, a substantive due process challenge will fail.[14]

Isenberg's substantive due process claim is meritless.  As recited above, the Parole Board's decision included numerous, constitutionally permissible reasons for its denial of parole.  None of its reasons are conscience-shocking or arbitrary.

The Court does not discount Isenberg's claims that he has made significant progress toward rehabilitation during his incarceration.[15]  Such efforts are commendable.  But his disagreement with the Parole Board's decision does not establish a right to habeas corpus relief.  "[F]ederal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision."[16]  The Parole Board clearly provided "some basis" for its denial, and Isenberg's dispute with its findings does not provide this Court with a basis to "second-guess" that decision.

---

  grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).
[13] *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).
[14] *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).
[15] *See* Doc. 1-2.
[16] *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002) (quoting *Coady*, 251 F.3d at 487).

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Isenberg's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Isenberg has failed to make a substantial showing of the denial of a constitutional right,[17] or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct.[18]  An appropriate Order follows.

                                              BY THE COURT:

                                              *s/ Matthew W. Brann*
                                              Matthew W. Brann
                                              Chief United States District Judge

---

[17] 28 U.S.C. § 2253(c)(2).
[18] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).